SANDWICH MANUFACTURING COMPANY ET AL., APPELLANTS,
v. HEINRICH B. HUCKFELDT, APPELLEE.

FILED NOVEMBER 13, 1912. No. 16,782.

Judgment: REVIVOR: PLEA OF PAYMENT: EVIDENCE. Proceedings to revive a dormant judgment. A transcript of the judgment was filed in the office of the clerk of the district court November 3, 1884. December 29, 1884, defendant conveyed certain land to plaintiff by deed containing the usual covenants of warranty, and upon which the judgment was a lien. Plaintiff paid the judgment August 6, 1885, when it. was assigned to his agent, who

subsequently assigned to him. No effort was made to collect, perpetuate, or revive the judgment until 1907. Upon an application to revive the judgment, defendant pleaded payment, and testified that at the time of the sale of the real estate $1,000 of the purchase price of the land was withheld by plaintiff, with defendant's consent, with which to pay the judgment liens. There was a general finding in favor of defendant by the trial court. The sum of $1,000 was more than sufficient to cancel the judgment liens. The judgment docket contains no record of the satisfaction of the judgment. *Held*, That, if such sum was retained by plaintiff for that purpose, it would be a complete defense to his action to revive, without reference to whether the money was applied by him to the payment or not, which was a question of fact to be decided by the trial court. The finding being in favor of defendant on conflicting evidence, but which is sufficient to support the conclusion reached, will not be disturbed.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*John C. Stevens* and *J. A. Gardiner,* for appellants.

*W. F. Button* and *John Snider, contra.*

REESE, C. J.

On the 27th day of October, 1884, the Sandwich Manufacturing Company recovered a judgment against appellee, Huckfeldt, for the sum of $102.20 and costs of suit taxed at $4.90. A transcript was filed in the office of the clerk of the district court on the 3d day of November, 1884. An assignment of the judgment to R. S. Langley was made August 6, 1886, and on the 6th day of November, 1886, Langley assigned the same to William Gardiner, who on the 12th day of March, 1910, assigned to J. A. Gardiner, who was substituted as appellant herein January 19, 1911. No execution was issued upon the judgment, nor was any other effort made to collect it until the 2d day of October, 1907, when, the judgment being dormant, a proceeding was instituted in the district court for its revival in the name of William Gardiner as the owner thereof. In the course of time, and on the 11th day of May, 1908, an an-

swer was filed, in which the sufficiency of the petition, or application, was denied and called in question. The rendition of the judgment, the filing of the transcript, the absence of issuance of execution, and the dormancy of the judgment were admitted. All other allegations were denied. It was alleged that after said judgment was rendered, but before the institution of the revivor proceedings, defendant satisfied and discharged the judgment by payment in full. It was further alleged that the judgment was presumed to have been paid "on account of the lapse of time." A reply denying the payment was filed. A number of dilatory motions and stipulations were filed, but none of which need be noticed at this time.

It is said, and so appears, that on the 29th day of December, 1884, defendant sold and conveyed certain land in Adams county to William Gardiner, executing to him a warranty deed, subject to a mortgage of $1,800, but otherwise containing full covenants of warranty. The transcript of the judgment being then on file, it was probably a lien on the land. On the 8th day of June, 1885, the judgment plaintiff wrote Mr. Gardiner calling his attention to the fact and expressing a purpose to hold the land liable for its payment. He then paid off the judgment, and it was assigned to his agent by Ballinger & Cherry, who executed the assignment as attorneys for Sandwich Manufacturing Company. The agent afterward assigned to William Gardiner. Prior to the trial, some question having arisen as to the authority of the attorneys to assign the judgment, a paper denominated "Disclaimer and Confirmation of Assignment" was, by leave of court, filed by the Sandwich Manufacturing Company, in which, among other recitals, the assignment of the judgment "by Ballinger & Cherry, its attorneys," was approved and confirmed. This paper was in the nature of an intervention. It was subsequently stricken from the files over the exception of plaintiff, and of which he now complains. As the only matter of importance contained in the paper was the approval of the assignment by Bal-

linger & Cherry, and as the authority to make the assign-
ment would be subject to proof upon the trial by com-
petent evidence, we are unable to see where the court
erred in the action complained of.   But, even were the
ruling erroneous, it could work no prejudice, as the ques-
tion of authority or subsequent ratification was not thereby
foreclosed.   The cause was tried to the court, the result
being a general finding in favor of the defendant and a
dismissal of the proceedings.   Plaintiffs appeal.

A number of questions are presented in the briefs and
were argued at the bar, which, in the view we take of the
case, it is not necessary to decide.   The answer pleads pay-
ment, and defendant testified that at the time of the closing
of the sale of the real estate, in the state of Illinois, the
sum of $1,000 was deducted from the purchase price of the
land by plaintiff Gardiner, and was to be, and he supposed
was, sent to the clerk of the district court for the purpose
of satisfying any judgments which might be a lien or
cloud upon the title, and that he afterward drew out of
the clerk's hands the overplus.   As touching one view of
the case, we are deprived of the testimony of the former
clerk, as he is shown to be deceased.   The judgments were
not satisfied upon the record, nor is there any entry show-
ing the receipt of the $1,000 by the then clerk.   But there
is another view of the case, which was probably adopted
by the district court.   This effort to revive the judgment
was, in reality, instituted by and on behalf of William
Gardiner, the person who purchased the land from de-
fendant.   If defendant paid or allowed plaintiff the $1,000,
as testified to, for the purpose of paying the judgment, it
could make no legal difference whether plaintiff remitted
the money to the clerk or not, for that, as between them,
would so far work a cancelation of the judgment as to
prevent its revivor at the suit of plaintiff.   It is true that
the evidence as to that transaction is conflicting, and this
is not surprising when we remember that it occurred in
1884, and this proceeding was instituted in 1907, and
the trial was had in January, 1910.   While a fairly rea-

26

sonable excuse is given for the failure to take any steps to perpetuate the life of the judgment by the issuance of execution, or to revive it for the 23 intervening years, yet that fact, coupled with the positive testimony of defendant, and the presumption of payment, probably satisfied the mind of the trial court that the money was so paid or withheld, and upon that issue the decision was made; and we do not feel justified, in view of the evidence and all the circumstances, in reversing such finding.

The judgment of the district court is therefore

AFFIRMED.

FAWCETT, J., not sitting.

LETTON, J., concurring in result only.

I am unable to take the same view as to the evidence as is taken in the majority opinion, but concur in the result for other reasons.